ALICE McKELVEY SCHRAUDER, Appellant, *v.* THOMAS R. BROOKS, Respondent.

First Department, May 4, 1923.

Injunction — action to restrain defendant from disposing of stock held as collateral — stock was put up by owner as collateral to loans to corporation in which owner was interested — owner transferred his interest to plaintiff — notes were renewed without plaintiff's consent after owner's death — injunction pendente lite granted.

In an action to restrain the defendant from transferring and disposing of corporate stock which had been delivered to him by the owner as collateral security for loans made to a corporation in which the owner was interested, an injunction *pendente lite* should be granted, where it appears that the owner transferred his interest in the stock to the plaintiff and that after the death of the owner the notes representing the loans were renewed without the plaintiff's consent, for the right of the defendant to the possession of the stock and the right to sell

the same under agreement is sufficiently debatable so that the matter should be held in *statu quo* until the case can be tried, and furthermore, the renewal of the notes after the death of the owner and without the plaintiff's consent presents a serious question whether the defendant has any right to sell the stock to satisfy the loans.

Appeal by the plaintiff, Alice McKelvey Schrauder, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 26th day of February, 1923, denying her motion for a temporary injunction.

*Quencer & Willcox* [*Edwin W. Willcox* of counsel], for the appellant.

*Henderson, Ely & Aldcroftt* [*Moses Ely* of counsel], for the respondent.

Page, J.:

The action is brought to cancel and declare null and void a contract or agreement made between the defendant and the plaintiff's husband in his lifetime, and that the defendant be enjoined and restrained from in any manner conveying, transferring, selling or otherwise disposing of any of the 1,477 shares of the capital stock of the McKelvey Company owned by plaintiff, and that the defendant be directed to turn over and deliver to the plaintiff the said 1,477 shares, and that the plaintiff be adjudged the rightful owner thereof. The defendant and John H. McKelvey organized a corporation known as the McKelvey Company, each receiving 1,500 shares of the stock, and became officers and directors of the company.

On December 3, 1915, John H. McKelvey made and entered into an agreement, a copy of which is annexed to the complaint as Exhibit A, and is as follows:

" This Agreement, made and entered into this 3rd day of December, 1915, by and between John H. McKelvey of the City of New York, State of New York, party of the first part, and Thomas R. Brooks of the City of Scranton, County of Lackawanna, State of Pennsylvania, party of the second part: ·

" Whereas, the party of the first part is the owner of fourteen hundred and eighty-seven (1487) shares, of one hundred ($100) Dollars par value each, of the capital stock of The McKelvey Company, a corporation incorporated under the laws of the State of Delaware; and

" Whereas, said The McKelvey Company is indebted to the party of the second part for monies loaned to it by the said party of the second part from time to time, at the instance and

request of the party of the first part, in the sum of One hundred twelve thousand dollars; and

" WHEREAS, the party of the first part is desirous of securing to the party of the second part the repayment of the said sums of money so advanced and paid, as well as such further advances of money which shall be made by the party of the second part and such sums as the party of the second part shall guarantee or become otherwise liable for on account of said The McKelvey Company;

" *Now, therefore,* for and in consideration of the sum of one ($1.00) Dollar well and truly paid by the party of the second part to the party of the first part at and before the ensealing and delivery hereof, the receipt whereof is hereby acknowledged, and for other good and valuable consideration, this agreement witnesseth:

" That the said party of the first part hereby delivers to the party of the second part fourteen hundred and seventy-seven (1477) shares of the capital stock of said The McKelvey Company, owned by him and standing on the books of said Company in his name, as collateral security for the payment to the party of the second part of the said sum of One hundred twelve thousand dollars now due to him as aforesaid, as well as for other sums of money which the said party of the second part may advance and loan to said The McKelvey Company from time to time in the future, and for such other sums as the party of the second part may guarantee or become liable for on account of said The McKelvey Company."

On the 3d day of January, 1916, McKelvey assigned all his interest and ownership in the said shares of stock to the plaintiff. During McKelvey's lifetime notes made by the McKelvey Company and indorsed by the defendant personally to the amount of $85,500 were outstanding. McKelvey died in January, 1916. The outstanding notes upon which McKelvey was indorser had become due and were either paid or renewed, so that it would appear that on October 1, 1922, there was $37,700 notes of the corporation outstanding.

The defendant has sought to purchase the plaintiff's interest in this stock, and on her refusing to sell gave notice of the sale of said stock at auction pursuant to the agreement heretofore set forth. Without attempting to decide at this time the ultimate rights of the parties, in my opinion the right of the defendant to the possession of and right to sell the stock under said agreement is sufficiently debatable so that the matter should be held in *statu quo* until the case can be tried. If all of these obligations have been renewed and time for payment extended since the death of McKelvey without the acquiescence of the plaintiff, a serious quesion would be presented whether he would have any right to sell the stock.

The order should be reversed, with ten dollars costs and disbursements, and the motion for an injunction granted on giving a proper bond.

CLARKE, P. J., SMITH, MERRELL and McAVOY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion for injunction granted on giving a proper bond. Settle order on notice.