960

■ WOLF STAHL, Individually and as a Stockholder of STAHL SOAP CORPORATION, on Behalf of Himself and in the Right of STAHL SOAP CORPORATION, Appellant, v. ILBERT STAHL et al., Respondents.— In an action to enjoin the individual respondents from making or entering into a contract for the purchase of certain machinery, to enjoin respondents from preventing appellant from having access to corporation records, to enjoin respondents from paying out of the funds of the respondent corporation to respondent Stahl as salary or compensation an amount greater than paid to appellant, to direct respondent Stahl to specifically perform the terms and conditions of a stockholders' agreement so as to elect and restore appellant to his corporate offices at a salary equal to that received by respondent Stahl, for an accounting, and for other relief, the appeal is from an order (1) denying appellant's motion for an injunction *pendente lite* to restrain respondents from certain actions and denying his motion to compel specific performance of certain matters, and (2) vacating the preliminary stay contained in an order to show cause. Order modified by striking out the ordering paragraphs and by substituting therefor provisions (1) enjoining respondents from making or entering into any contract or commitment for the purchase of, or making payment for the purchase of, soap-making machinery known as continuous soap cooling and drying plant, as more particularly described in the minutes of the purported meeting of the board of directors of respondent corporation held on February 5, 1959, if a binding contract for said purchase has not yet been executed, on condition that appellant file a corporate undertaking in the sum of $5,000 in compliance with section 893 of the Civil Practice Act, and (2) denying the motions in other respects. As so modified, order affirmed, without costs. The undertaking shall be filed within 10 days after the entry of the order hereon. Appellant and respondent Stahl are brothers and the equal and sole stockholders of the corporate respondent. By a stockholders' agreement entered into in 1949, the brothers agreed that during such time as both stockholders owned an equal amount of the capital stock of the corporation they shall not be removable as officers or directors and that their compensation shall be equal regardless of their duties, that both stockholders shall devote their entire time and energies to, and in behalf of, the corporation but that neither one shall interfere with the performance of the other's duties. The brothers and respondent Field were, or are, the three directors of the corporation. By joining against appellant, the individual respondents ousted appellant from the corporate offices he held theretofore and from active participation in the control and management of the corporation and reduced appellant's compensation to less than the compensation paid to respondent Stahl. When respondent Field was first elected as a director in 1949, he submitted a signed but undated letter of resignation as a director. The letter has not been produced. An issue of fact is raised as to whether the agreement then made was that the letter would be made effective upon demand by either one of the brothers or only on demand by both of them. Issues of fact are also raised as to whether each brother interfered with the performance of the other's duties, whether the brothers directed their entire time and energies, or sufficient time and energies, to corporate affairs and whether the conduct of the brothers was with due regard for the best interests of the corporation. The decision of the Special Term denying the motions, reported in the *New York Law Journal* of May 7, 1959 (p. 12, col. 5), was made on the ground that there was such a sharp conflict of facts presented by the affidavits that the court found that an injunction *pendente lite* was unwarranted, particularly in view of the fact that the Equity Calendar was up to date. Before the order was signed, it was ascertained that no

Justice had been assigned to sit at Special Term, Part III, for the month of June. At a conference in the chambers of the Justice on the signing or settlement of the order, the attorneys for appellant were willing to stipulate to a trial before an Official Referee in June but the attorneys for respondents were unwilling to so stipulate. The previous fiscal year was the corporation's most successful year financially. The purchase of the new machinery against the will of appellant involves a considerable portion of the corporation's capital and an important change in the policy of the corporation. The damage to the corporation if the purchase is ill advised will be serious and may well be irreparable. Under the circumstances shown on the settlement of the order and in the record, it was an improvident exercise of discretion to deny the motions insofar as the purchase of the machinery was involved (7 Carmody's, New York Practice [2d ed.], § 197; see, e.g., *Schrauder* v. *Brooks,* 205 App. Div. 329; *Clark* v. *Dodge,* 269 N. Y. 410; *Clark* v. *Dodge,* 287 N. Y. 833). As to the other relief sought in the motions which involved injunctive relief and the direction of specific performance, it does not seem that the denial of such relief will cause serious or irreparable damage to appellant or to the corporation. It may not be held that the Special Term abused its discretion in regard to those matters. This case should be tried as soon as possible, and the parties should seek to expedite the trial. Wenzel, Acting P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ., concur.